UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-37-HRW

ROBERT PAUL GREEN                                                                    PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

DR. LAURA REESE                                                                      DEFENDANT

The plaintiff, Robert Paul Green, who is currently confined in the Boyd County Detention Center in Catlettsburg, Kentucky, has filed a civil rights under 42 U.S.C. §1983 [Record No. 1]. The plaintiff named as the sole defendant Dr. Laura Reese, whom he identified as a surgeon at Bellefonte Hospital.

The plaintiff submitted neither the filing fee of $250.00 nor the documents necessary to apply for *in forma pauperis* status. On March 21, 2006, the Court entered a "Deficiency Order" [Record No. 4]. In it, the Court advised the plaintiff that he needed to provide the Court with the following: (1) allegations that he had exhausted his administrative remedies; and (2) a supplement to his §1983 complaint setting forth the jurisdictional basis for the Court to exercise federal jurisdiction over the claims asserted in the complaint.[1]

The Court clearly advised and informed the plaintiff in the "Deficiency Order" that if he failed to comply with the "Deficiency Order" within 30 days, the Court would dismiss

---

[1] The plaintiff alleged in his complaint that Dr. Reese committed medical malpractice in relation to a surgical procedure she performed on him. The plaintiff did not state when the procedure was performed, and he did not identify what, if any, connection Dr. Reese has (or had) to his confinement in the Boyd County Detention Center.

the complaint for want of prosecution [*Id.*, ¶ 3]. The "Deficiency Order" also stated that if the Court dismissed the complaint on these grounds, it would not be reinstated to this Court's active docket despite the subsequent payment of the filing fee [*Id.*].

The record reflects that on March 21, 2006, the Clerk of the Court mailed a copy of the "Deficiency Order" to the Plaintiff at his listed and last known address: "Robert Paul Green, Boyd County Detention Center, P.O. Box 455, Catlettsburg, Kentucky 21129" [*See Id.* (Attachment: Clerk's Notation)]. There is no indication in the record that the copy of the "Deficiency Order," which the Clerk of the Court mailed to the plaintiff on March 21, 2006, was returned to the Court through the mail as "Undeliverable" for any reason. The plaintiff has not responded to the "Deficiency Order," and his time for compliance has expired. The record does not reflect that the Plaintiff has requested an extension of time in which to respond to the "Deficiency Order."

The lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

The plaintiff bears some responsibility in pursuing his claims in timely fashion, but he has not diligently done so. The Court construes the plaintiff's failure to respond to the

"Deficiency Order" as an abandonment of his claims, and dismisses the complaint for want of prosecution.

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendant.

This 28 day of April, 2006.

                                                  HENRY R. WILHOIT, JR.
                                                SENIOR U. S. DISTRICT JUDGE